1
2
3
4

Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

5

Attorneys for Person Alleged to be John Doe No. 5

6
7
8

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10
11

MALIBU MEDIA, LLC, a California limited
liability company,

                    Plaintiff,

12
13
14
15

        v.

JOHN DOES 1 through 10,

                    Defendants.

Case No.: CV-12-3614-GHK-Ex

Assigned to Hon. George H. King
Referred to Hon. Charles F. Eick

**JOHN DOE'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS RE:
MALIBU MEDIA'S REPEATED
VIOLATIONS OF NOTICE OF
RELATED CASES RULE**

16
17
18

[Pursuant to L.R. 83-7 and
Fed. R. Civ. Proc. 26(c)(1),
for violations of L.R. 83-1.3]

19
20

Hearing Date: Monday July 30, 2012
Hearing Time: 9:30 a.m.
Hearing Court: 650

21
22
23
24
25
26
27
28

**JOHN DOE'S NOTICE OF MOTION AND MOTION FOR SANCTIONS RE:
MALIBU MEDIA'S REPEATED VIOLATIONS OF NOTICE OF RELATED CASES RULE**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that on Monday July 30, 2012 at 9:30 a.m. in courtroom 650 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Los Angeles, California 90012-3332, the person alleged to be John Doe No. 5 (the "**Moving Party**") in the above-entitled action will and hereby does move for sanctions.

      This motion is made pursuant to Local Rule 83-7 and Federal Rule of Civil Procedure 26(c)(1) on the ground that plaintiff Malibu Media, LLC ("**Malibu Media**") willfully, recklessly, or with gross negligence, violated Local Rule 83-1.3, which is this Court's Notice of Related Case Rule.  Sanctions are an appropriate remedy for a party's failure to comply with this District's Notice of Related Cases rule.  *Financial Consulting and Trading Int'l Inc. v. Frederick P. Wich, et al.,* 2011 U.S. Dist. LEXIS 88817 (C.D. Cal. August 9, 2011) (Case No. CV 11-6204-DSF-AGRx) (ordering party "to show cause in writing why they should not be sanctioned for failure to file a Notice of Related Case.")

      Malibu Media has filed ***28 complaints in this Judicial District alleging mass copyright infringement*** by roughly 280 John Doe defendants, each of whom is identified only by an I.P. address.[1]  Exhibit A to Declaration of Morgan E. Pietz.  In each case, Malibu Media sought early discovery to issue subpoenas to ISP's that would purportedly help uncover the identity of the John Does, on the strength of highly similar declarations from the same technical expert. Of these 28 cases, 22 cases allege infringement of essentially the same group of 27 copyrighted adult films, although the other six cases are one-offs, involving only a single film.  Exhibit B to Declaration of Morgan E. Pietz. Several of the 28 cases are identical clones of others, save only for the different I.P. addresses of the John Doe defendants.

---

[1] Malibu Media has filed over 200 similar cases nationwide, this year alone.  Exhibit A to the Declaration of Morgan E. Pietz.

**JOHN DOE'S NOTICE OF MOTION AND MOTION FOR SANCTIONS RE:**
**MALIBU MEDIA'S REPEATED VIOLATIONS OF NOTICE OF RELATED CASES RULE**

The 28 cases are ***clearly*** related for the purposes of L.R. 83-1.3, because they "involve the same. . .copyright" (L.R. 83-1.3(d)) and it "would entail substantial duplication of labor if heard by different judges" (L.R. 83-1.3(c)).  Further, there are certain legal and procedural issues in each case that are identical, like the theory of copyright infringement, and how to handle the coming flood of motions to quash.[2]  *See* L.R. 83-1.3(b).

Notwithstanding the obvious similarities between all 28 of the copyright infringement cases it filed in this District, ***Malibu Media has not filed <u>a single</u> Notice of Related Case*** in any of its cases now pending here.  Further, when pressed on this point by counsel for the Moving Party, Malibu Media took the position that it need not file any Notices of Related Cases, even for cases it admits are related, because, in a handful of these cases, Malibu Media checked the "related" box on the civil case cover sheet and provided case numbers.  Counsel for the Moving Party specifically noted that this was insufficient, and asked Malibu Media *for a second time* to live up to its continuing duty to file actual Notices of Related Cases, but Malibu Media refused to do so.  In fact, after initially admitting that two of its cases are indeed related because they involve the same "hash tag," Malibu Media failed to actually follow through on its promise to file Notices of Related Cases for just those two cases.  In order to conclude that Malibu Media was violating the Notice of Related Cases rule willfully, recklessly, or with gross negligence, the Court need only review the attached meet and confer emails.  <u>Exhibit C</u> to Declaration of Morgan E. Pietz.  However, the additional evidence, in the Declaration of Morgan E. Pietz of Malibu Media's other "abusive litigation tactics," serves to hit the point home.

In short, Malibu Media's repeated violation of the Notice of Related Cases rule is no "inadvertent" error made in good faith.  Rather, as detailed in the supporting memorandum, Malibu Media violated this rule on purpose, repeatedly, in a calculated attempt to try and fly under the radar, hedge its bets, and select judges perceived as giving

---

[2] The *facts*, on the other hand, will be completely different for each defendant, but that does not mean that the cases are unrelated.

favorable treatment.  Further, this fits into a pattern of abusive litigation tactics by Malibu

Media.  Finally, even when called on this issue, and asked, *twice*, to fix the mistake,

Malibu Media refused, even then, live up to its continuing duty to file Notices of Related

Cases.  The bad faith is apparent.

Accordingly, the Moving Party seeks the following as sanctions:

(a)      Monetary sanctions, to be paid by Malibu Media, in an amount

deemed appropriate by the Court (L.R. 83-7(a));

(b)      Imposition of costs and attorneys fees, in the amount of $12,179.50,

to be paid by Malibu Media to counsel for the Moving Party, to cover the time and

expenses incurred in connection with preparing this motion (L.R. 83-7(b));

(c)      An order requiring Malibu Media and its attorneys to immediately file

a Notice of Related Cases in each of the 28 mass copyright infringement actions it has filed

in this Judicial District so far this year, and to strictly comply with L.R. 83-1.3 in any

future cases it may file in this Judicial District (L.R. 83-7(c) and L.R. 83-1.3);

(d)      An order staying the return date for the subpoena, as to the Moving

Party only, that Malibu Media asked this Court authorize, purportedly to enable Malibu

Media to ascertain the true identity of the Moving Party so as to effect service of the

complaint (L.R. 83.7(c) and Fed. R. Civ. Proc. 26(c)(1));

In addition to the foregoing relief, the Moving Party would also respectfully suggest

that an appropriate sanction in this unusual circumstance might be to transfer and/or refer

all 28 of Malibu Media's cases currently pending in this Judicial District to one or two

Judicial Officers.  To this end, please note the letter to the Chief Judge of this District

included as Exhibit E to the Declaration of Morgan E. Pietz.  As explained in the letter,

courtesy copies of these papers are being provided to the Chief Judge and to every one of

the approximately 30 Judicial Officers in this District currently presiding over Malibu

Media mass infringement cases.[3]

---

[3] The three actions where this firm currently represents people who are alleged to be John Does
sued by Malibu Media are: 2:12-CV-3614-GHK-Ex; 2:12-CV-3615-DDP-JCGx; and 2:12-CV-

**JOHN DOE'S NOTICE OF MOTION AND MOTION FOR SANCTIONS RE:
MALIBU MEDIA'S REPEATED VIOLATIONS OF NOTICE OF RELATED CASES RULE**

Further, in light of Malibu Media's willful violation of the Notice of Related Cases rule, and also in light of certain other "abusive litigation tactics" detailed in the supporting memorandum and declarations, the Court may wish to consider granting temporary relief. For example, this Court, or any Judicial Officer tasked with handling these cases, might consider setting a hearing on an order to show cause, on an expedited timeframe, as to whether the return dates for *all* subpoenas authorized by the Courts of this Judicial District should be stayed, and Malibu Media's further settlement solicitation efforts prohibited temporarily, pending consideration of regular noticed motions affecting the rights of the John Doe defendants. In connection with such a hearing, it would be useful to hear from Malibu Media whether it has served a single defendant in any of the 200+ cases it currently has pending nationwide. It should be noted in this regard that of Malibu Media's 200+ cases nationwide, 29 of them are over 120 days old, as of June 29, 2012. *See* Exhibit A to Declaration of Morgan E. Pietz.

Undoubtedly, to the extent it is not happening already, the various Judicial Officers in this District handling these cases will soon be barraged with motions from John Doe defendants, many acting *pro se*, seeking to quash subpoenas, sever their cases, etc. If these motions to quash and sever are all set on regular notice, a manifest injustice affecting 280 people (all of whom are alleged by Malibu Media to be residents of this Judicial District) will already have occurred. If it takes the Court a few months to fully consider how to handle Malibu Media', Malibu Media should not be getting rich on improperly-obtained settlements in the meantime.

This motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declaration of Morgan E. Pietz, including the Exhibits attached thereto; the pleadings and records on file herein; and on such further evidence as the Court may admit at the hearing on this matter.

---

3622-DSF-JEM. An essentially identical version of this motion, save for the caption and party, etc., is being concurrently filed in each of these three cases.

**JOHN DOE'S NOTICE OF MOTION AND MOTION FOR SANCTIONS RE:**
**MALIBU MEDIA'S REPEATED VIOLATIONS OF NOTICE OF RELATED CASES RULE**

1 | Respectfully Submitted,

2 | June 29, 2012

3 | /s/ Morgan E. Pietz

4 | Morgan E. Pietz
THE PIETZ LAW FIRM

5 | *Attorney for the Person Alleged to be John Doe No. 5*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOHN DOE'S NOTICE OF MOTION AND MOTION FOR SANCTIONS RE:
MALIBU MEDIA'S REPEATED VIOLATIONS OF NOTICE OF RELATED CASES RULE**