Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone: (310) 424-5557
Facsimile : (310) 546-5301

Attorney for Person Alleged to be John Doe No. 5

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MALIBU MEDIA, LLC, a California limited liability company,

Plaintiff,

v.

JOHN DOES 1 through 10,

Defendants.

Case No.: CV-12-3614-GHK-Ex

Assigned to Hon. George H. King
Referred to Hon. Charles F. Eick

**JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

Hearing Date: August 6, 2012
Hearing Time: 9:30 a.m.
Hearing Room: 650, Roybal (Judge King)

## NOTICE OF MOTION

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL**

**PLEASE TAKE NOTICE** that the person alleged to the be the John Doe whose "Doe number" appears on the caption page, above, in the above-entitled action ("**Movant**") by and through counsel, hereby makes a motion that the Court:

(1) ***Reconsider its order granting early discovery*** in this action**,** pursuant to Fed. R. Civ. Proc. 54(b), on the grounds that:

(A) Plaintiff's ex parte application for early discovery was granted without any interested parties being afforded an opportunity to present any facts or make any arguments in opposition.

(B) Had the Does' interests been properly represented, the glaring legal flaws in Plaintiff's early discovery request would have been made apparent. Namely, Plaintiff's early discovery request are not "very likely" to reveal the identities of the defendants, the subpoenas are not "reasonably likely" to effectuate service on defendants, and the plaintiffs complaint would not withstand a hypothetical motion to dismiss because the Does are impermissibly joined. *Hard Drive Productions, Inc. v. Does 1–90*, N.D. Cal. Case No. CV-11-3825, Dkt. No. 18, 3/30/2012, p. 13; *In re: BitTorrent Adult Film Copyright Infringement Cases*, E.D.N.Y. Case No. CV-11-3995-DRH-GRB at p. 13 (Docket No. 39 filed 5/1/2012) ("*In re: Adult Film Cases*").

(C) There is evidence that Plaintiff has employed "abusive litigation tactics" in the past and is likely to do so here, which threatens to unduly burden innocent people with something that borders on extortion. *Id.*; Declaration of Morgan E. Pietz.

(2) ***Sever all of the John Doe defendants, other than John Doe No. 1*** from the current action, pursuant to Fed. R. Civ. Proc. 21. The Court should decide the permissive joinder issue now, and sever all of the Does other than Doe No. 1 on the following grounds:

(A) Defendants merely "committed the same type of violations in the same way" which is not enough to satisfy the transactional relatedness test. *E.g., Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12, p. 3.

(B) John Does accessing the same file days, weeks or months Apart are not part of the same "transaction or occurrence." *E.g., Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 5.

(C)  Even if joinder were permissible, the Court should still exercise its discretion and sever the Does in light of plaintiff's "abusive litigation tactics" and the burden on the Courts, the ISPs and the Does.  The plaintiffs are never going to serve anyone, many districts have a related case rule achieves the convenient parts of joinder without the drawbacks, and if the Court allows lawsuits like this to continue the Courts will lose out on millions in filing fees. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-522 (5th Cir. 2010) (internal citations omitted).

(3)     ***Quash the outstanding subpoenas***, pursuant to Fed. R. Civ. Proc. 45(c)(3), that were authorized by this Court and issued by the Plaintiff to the ISPs, and which seek the contact information for John Does other than John Doe No. 1.  The subpoenas should be quashed on the grounds that:

(A) They subject the John Does, who undoubtedly include innocent people, to undue burden and a substantial likelihood of harassment.

(B) They seek personally identifiable information that is subject to a Constitutional privilege protecting the anonymity of Internet activities, and that this Constitutional right is not outweighed by the needs of the Plaintiff to effectuate service of the complaint for copyright infringement, since Plaintiff has no intention of actually serving anyone or seeing this case through to trial.

(4)     ***Enter a protective order***, pursuant to Fed. R. Civ. Proc. 26(c)(1), that (i) requires that the identity and contact information of each of the John Does be kept confidential and maintained under seal until such time as the complaint is properly served on that John Doe; (ii) forbids the Plaintiff from using or disclosing any information it has

obtained thus far for any defendants other than John Doe No. 1; (iii) directing the plaintiff and its counsel to ***not*** request subscriber telephone numbers and email addresses in any future early discovery requests they make in this District; and (iv) directing Plaintiff and its counsel to comply with this procedure detailed in this order in all future cases filed in this District. This protective order is sought on the ground that "The Federal Rules direct the Court to deny discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This situation cries out for such relief." *See In re: Bittorrent Adult Film Copyright Infringement Cases*, E.D.N.Y. Case No. 11-3995, p. 18, docket no. 39, May 1, 2012; *see also First Time Videos, LLC v. Does 1-46,* S.D. Tex. Case No. 11-cv-4431, Docket No. 21, June 8, 2012 (plaintiff First Time Videos, LLC "may not use the information it has received; it must destroy it.")

(5) In connection with the relief requested above, the Plaintiff should be permitted to re-file amended complaints, within 30-days, against individual John Does, whose I.P. addresses are alleged, in good faith based some kind of reasonable proof, to originate from this District, after posting the applicable filing fees for each individual action. Failure to re-file within 30-days should result in an automatic dismissal *with* prejudice.

Movant relies on this notice of motion, the concurrently filed Memorandum of Points and Authorities, the Declaration of Morgan E. Pietz, and on the papers on file herein.

/

-3-

**JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

Respectfully submitted, July 9, 2012,

| _/s/ Morgan E. Pietz___________ | |
|---|---|
| Morgan E. Pietz (Cal. Bar No. 260629)<br>THE PIETZ LAW FIRM<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone: (310) 424-5557<br>Facsimile: (310) 546-5301 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to the parties.

/s/ Morgan E. Pietz

Morgan E. Pietz