Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

Attorney for Person Alleged to be John Doe No. 5

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>     v.<br><br>JOHN DOES 1 through 10,<br><br>        Defendants. | Case No.: CV-12-3614-GHK-Ex<br><br>Assigned to Hon. George H. King<br>Referred to Hon. Charles F. Eick<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**<br><br>Hearing Date: August 6, 2012<br>Hearing Time: 9:30 a.m.<br>Hearing Room: 650, Roybal (Judge King) |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................ ii

TABLE OF AUTHORITIES ........................................................ iii

I. INTRODUCTION AND SUMMARY ........................................1

II. THIS CASE IS PART OF THE "NATIONWIDE BLIZZARD OF CIVIL ACTIONS BROUGHT BY PURVEYORS OF PORNOGRAPHIC FILMS ALLEGING COPYRIGHT INFRINGEMENT" ............................................3

III. THE ORDER GRANTING EARLY DISCOVERY SHOULD BE VACATED...6

   (a) Standard for Early Discovery ..........................................6

   (b) The Subpoenas are not "Very Likely" to Reveal the Identities of Defendants Because Plaintiff's Theory of the Case Rests on a "Tenuous Assumption" ................................................8

   (c) The Subpoenas are Not "Reasonably Likely" to Effectuate Service on Defendants Because Defendants Have No Intention of Ever Serving Any of the John Does with a Complaint ......................10

   (d) The Complaint Cannot Withstand a Hypothetical Motion to Dismiss Because Joinder is Impermissible ................................11

   (e) Plaintiff's "Abusive Litigation Tactics" Also Support Vacating the Early Discovery Order "On the Basis of Fundamental Fairness" ..................12

IV. JOINDER IS NOT PERMISSIBLE AND, EVEN IF IT WERE, THE COURT SHOULD STILL EXERCISE ITS DISCRETION AND SEVER THE DOES .........15

   (a) Standard for Joinder ....................................................15

   (b) Defendants Merely "Committed Same Type of Violation in the Same Way," Which is Not Enough to Satisfy Transactional Relatedness Test..16

   (c) John Does Accessing the Same File Days, Weeks or Months Apart Are Not Part of the Same Transaction or Occurrence ......................18

   (d) Even if Joinder Were Permissible, The Court Should Still Exercise its Discretion and Sever the Does in Light of This Plaintiff's Abusive Litigation Tactics and the Burden on the Courts, the ISPs and the Does 19

V. ANY OUTSTANDING SUBPOENAS SEEKING TO IDENTIFY JOHN DOES OTHER THAN JOHN DOE NO. 1 SHOULD BE QUASHED ...................21

VI. PROTECTIVE ORDER SHOULD BE ENTERED ............................23

VII. MOVANT AND OTHER JOHN DOES HAVE STANDING ...................24

VIII. CONCLUSION...............................................................25

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

## TABLE OF AUTHORITIES

**Cases**

*AF Holdings LLC v. Does 1-1,058*, 12-cv-0048-BAH, Dkt. No. 8-1, 3/02/12……..4, 5, 18

*AF Holdings LLC v. Does 1-96*, N.D. Cal. No. 11-cv-3335-JSC, Dkt. No. 14,
 9/27/11………………………………………………………….…….7

*Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455,
 Dkt. No. 40, 3/22/2011……...……………………………………….passim

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80
 (N.D. Cal. 1999)…………………………………………………….6, 10

*Diabolic Video Prods. v. Does 1-2099*, 2011 U.S. Dist. LEXIS 58351, *9
 (N.D. Cal. May 31, 2011)……………………………………………...12

*Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170,
 Dkt. No. 18, 5/15/12……………………………………………….passim

*Discount Video Center, Inc. v. Does 1-5041*, No. C11-2694CW(PSG)
 (N.D. Cal. filed June 3, 2011)………………………………………...4

*First Time Videos, LLC v. Does 1-46,* S.D. Tex. Case No. 11-cv-4431,
 Dkt. No. 21, 6/8/12………………………………………………...3

*Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980)……………………...7

*Hard Drive Production, Inc. v. Does 1-90*, N.D. Cal. Case No. CV-11-3825,
 Dkt. No. 18, 3/30/12………………………………………….passim

*Harmony Films Ltd. v. Does 1-739*, N.D. Tex. Case No. CV-10-2412,
 Dkt. No. 7, 2/7/2011…………………………………………………8, 9

*In re Subpoena Duces Tecum to America Online, Inc.,* 52 Va. Cir. 26,
 2000 WL 1210372 (Va. Cir. Ct. 2000)…………………………………...11

*In re: Anonymous Online Speakers*, 661 F.3d 1168, 1174–76 (9th Cir. 2011)………….11

*In re: BitTorrent Adult Film Copyright Infringement Cases,*
 E.D.N.Y. Case No. CV-11-3995-DRH-GRB, Dkt. No. 39, 5/1/2012……….passim

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

*K-Beech, Inc. v. Does 1-85*, 2011 U.S. Dist. LEXIS 124581, at *6

    (E.D. Va. Oct. 5, 2011)……………………………………………………...4, 13

*Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW,

    Dkt. No. 7, 6/27/12……………………………………………….......5, 18, 19

*New Sensations, Inc. v. Does*, 2011 U.S. Dist. LEXIS 94909

    (N.D. Cal. Aug. 24, 2011)………………………………………………...10

*On The Cheap, LLC v. Does 1-5011*, -- F.R.D. --, 2011 WL 4018258, at *4 "

    (N.D. Cal. Sept. 6, 2011)………………………………………….......13

*Pacific Century Int'l, Ltd. v. Does 1-37,* – F. Supp. 2d –, 2012 WL 1072312

    (N.D. Ill. Mar. 30, 2012)……………………………………………13

*Pacific Century Int'l, Ltd. v. John Doe*, E.D. Cal. 11-cv-3479-KJM-JFM,

    Dkt. No. 26, 6/28/12………………………………………………….8

*Patrick Collins v. John Does 1-54,* 2012 U.S. Dist. LEXIS 36232, *8

    (D. Ariz. Mar. 19, 2012)…………………………………………….6, 11

*Raw Films, Ltd. v. Does 1-32*, 2011 WL 6182025, at * 2 (E.D. Va. Oct. 5, 2011)……1, 4

*SBO Pictures,* 2011 WL 6002620…………………………………………… 14

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276

    (N.D. Cal. 2002)……………………………………………..…….6

*Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566

    (S.D.N.Y. 2004)…………………………………………………..6, 7, 10

**Rules**

Fed. R. Civ. Proc. 1……………………………………………………14

Fed. R. Civ. Proc. 20(a)…………………………………………………14

Fed. R. Civ. Proc. 54(b) ………………………………………………7

Fed. R. Civ. Proc. 26(c)…………………………………………………...14, 23

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

# I.  INTRODUCTION AND SUMMARY

In practical effect, the plaintiff 'won' this case almost as soon as it began, when this Court granted plaintiff's request for early discovery. Since plaintiff's litigation strategy precluded the John Does from filing an opposition to plaintiff's request for early discovery, the John Doe whose "Doe number" appears on the caption page, above, in the above-entitled action ("**Movant**") now seeks to revisit the issue.  More specifically, the Movant respectfully requests that the Court reconsider its decision granting early discovery, quash the outstanding subpoenas, sever all Does other than Doe No. 1, and enter a protective order.

Two material misrepresentations serve as the foundation of this lawsuit.  The first of these fictions is that this case is anything other than an attempt to "use[] ***the Court and its subpoena power to obtain sufficient information to shake down the John Does***" for an easy settlement.[1]  This plaintiff has filed over 200 similar lawsuits across the nation, so far this year, seeking to subpoena the identifies of thousands of John Does.  Although Plaintiff is loathe to answer the question (and since it always dismisses the case before it serves anyone, it never has to), best estimates are that this plaintiff has served essentially zero of these John Does with a complaint. The plaintiff is not interested in actually serving anyone or litigating anything; all it wants are names it can use to extract settlements.  When the service deadline approaches, plaintiff will invariably seek to dismiss case. Thus, early discovery is really the whole affair.

The second fallacy plaintiff is in the business of perpetuating—quite profitably—is the notion that whomever happens to pay the cable/Internet bill for a household is likely to be the same person who downloaded plaintiff's copyrighted pornographic film.  In an age when most homes have routers and wireless networks, and multiple computers, including possibly the computers of neighbors down the street, share the same I.P. address, there is

---

[1] *In re: BitTorrent Adult Film Copyright Infringement Cases,* E.D.N.Y. Case No. CV-11-3995-DRH-GRB, Dkt. No. 39, 5/1/2012 ("*In re: Adult Film Cases*") *quoting Raw Films, Ltd. v. Does 1-32,* 2011 WL 6182025, at * 2 (E.D. Va. Oct. 5, 2011).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

no guarantee that the cable/Internet account-holder is actually the alleged infringer.  This point is important because it means that so-called "copyright trolls" necessarily draw innocent people into their web of quasi-extortion.  Plaintiffs know that many people, including innocents, will simply choose to settle these cases, rather than incur the expenses and potential embarrassment of being tied to a lawsuit accusing them of downloading pornography.  So, as long as early discovery is granted, plaintiffs are ensured of turning a tidy profit.  In short, this is not a lawsuit, it is a settlement business.

These two material misrepresentations go straight to heart of why the early discovery order should be vacated: the subpoenas are not "very likely" to identify the actual defendants, and will not lead to *service* of a complaint*.* Based on the track record of this plaintiff and others like it, it is *almost certain that no one will ever be served with the complaint*.[2]  Further, even if they were served, it is not "very likely" or even "reasonably likely" that the person whose information is released by the ISP (*i.e.*, the person who happens to pay cable/Internet the bill) would actually be the particular defendant alleged to have infringed plaintiffs' copyright.  The infringer could be a teenage son with a laptop or a hacker down the street.  Further, since the Does are improperly joined, the complaint would not withstand a hypothetical motion to dismiss. In other words, the subpoena at issue here fails under *Gillespie's* "very likely" standard, and also fails the service and motion to dismiss tests of *Sony Music* and  *Semitool.*

Further, perhaps "the most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants."[3]  As explained in the Declaration of Morgan E. Pietz, *the plaintiff here is running the complete playbook of copyright troll abusive litigation tactics*.  Specifically, the plaintiff: (i) is using the same "settlement negotiators" as other notorious

---

[2] If plaintiff cannot provide hard numbers of Does actually served, under penalty of perjury, refuting this point in its opposition papers, then this Court really need not consider anything else.
[3] *In re: Adult Film Cases, supra,* at pp. 16–17.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

copyright trolls; (ii) materially misrepresenting the range of potential damages; (iii) using subpoena information to collect on claims that go beyond the complaint; (iv) purposefully violating courts' notice of related case rules to try and fly under the radar; (v) seeking John Doe phone numbers and email addresses despite a court order telling plaintiff not to do so. Declaration of Morgan E. Pietz ¶¶ 15–31.

Recently, other courts have considered these kinds of cases and determined how best to deal with them: quash the subpoenas, sever all of the Does other than Doe No. 1, and enter a protective order.[4]  The Movant respectfully requests that this Court do the same, and put an end to this abuse of the legal process, by granting this motion.

## II.  THIS CASE IS PART OF THE "NATIONWIDE BLIZZARD OF CIVIL ACTIONS BROUGHT BY PURVEYORS OF PORNOGRAPHIC FILMS ALLEGING COPYRIGHT INFRINGEMENT"

As most are aware, a few years ago, the music recording industry and mainstream Hollywood movie studios launched an aggressive litigation campaign targeting individuals who used file sharing websites like Napster and BitTorrent.  The Recording Industry Association of America ("**RIAA**") and music and movie studios essentially pioneered these kinds of lawsuits, whereby a copyright owner files a lawsuit against John Does, then seeks Court permission to subpoena that subscriber's identity from his or her Internet Service Provider.

***These cases are different.***

The key difference is that unlike the RIAA and mainstream studios, the plaintiffs in these cases file these lawsuits knowing full well, in advance, that they are not likely to ever take any of these cases to trial or even name and serve any of the John Doe defendants.  *In*

---

[4] *In re: Adult Film Cases, supra*;  *Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170, Dkt. No. 18, 5/15/12 (endorsing "the sensible protocol adopted by Magistrate Judge Brown in *In re: Adult Film* [*Cases*]," *supra*); *AF Holdings LLC v. Does 1-96*, N.D. Cal. No. 11-cv-3335-JSC, Dkt. No. 14, 9/27/11, at p. 6; *Hard Drive Production, Inc. v. Does 1-90*, N.D. Cal. Case No. CV-11-3825, Dkt. No. 18, 3/30/12; *First Time Videos, LLC v. Does 1-46*, S.D. Tex. Case No. 11-cv-4431, Dkt. No. 21, 6/8/12.

*re: Adult Film Cases, supra,* at p. 10 (noting of Malibu Media and others "The plaintiffs seemingly have no interest in actually litigating the case, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.") *quoting Raw Films, Ltd. v. Does 1-32*, 2011 WL 6182025, at * 2 (E.D. Va. Oct. 5, 2011).

The fact that these lawsuits involve copyrighted works with obvious pornographic titles is also significant.  As Judge Wright recently explained in one of the many Malibu Media cases currently pending in the Central District of California,

> "The Court is familiar with lawsuits like this one. *AF Holdings LLC v. Does 1-1058*, No. 1:12-cv-48(BAH) (D.D.C. filed January 11, 2012); *Discount Video Center, Inc. v. Does 1-5041*, No. C11-2694CW(PSG) (N.D. Cal. filed June 3, 2011); *K-Beech, Inc. v. John Does 1-85*, No. 3:11cv469-JAG (E.D. Va. filed July 21, 2011). [5]  These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff.  The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.
>
> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. ***The Court will not idly watch***

---

[5] Malibu Media has a "Joint Sharing Agreement" to use the same "settlement negotiator" company as AF Holdings LLC and K-Beech, Inc.  Declaration of Morgan E. Pietz ¶ 22.

-4-

*what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial*. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it." *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 6. (emphasis added).

Essentially, in these kinds of cases, the "Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting 'settlement' payments from persons who may or may not be infringers." *Hard Drive Prods.*, *supra*, at p. 11.

The proof that this is a non-judicial settlement business, and not a good faith lawsuit seeking vindication of a legal right, is in the numbers.  As Magistrate Howard R, Lloyd of the Northern District of California recently observed, "According this court's research. . .69 mass copyright infringement cases ha[ve] been filed in this district.  Of those, plaintiff obtained early discovery in 57 cases and issued subpoenas to obtain subscriber information for more than 18,000 IP addresses.  No defendant has been served in any of these cases." *Id.* at p. 6, n. 4.  The plaintiff in that case, Hard Drive Productions, Inc., also shares the same "settlement negotiator" company as Malibu Media, K-Beech, and AF Holdings, all notorious copyright trolls responsible for hundreds if not thousands of lawsuits.  Declaration of Morgan E. Pietz ¶ 22.  One particularly notorious plaintiff's firm, Prenda Law, "has declared that in none of its 118 multi-Doe actions filed during the last two years. . .has a single Defendant been served.  Plaintiff's counsel simply moves from court to court seeking authorization to serve subpoenas for the broadest number of subscribers. . .without using the information gathered for the purpose of litigating any case on the merits." *AF Holdings LLC v. Does 1-1,058*, 12-cv-0048-BAH, Dkt. No. 8-1,

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

3/02/12 p. 11 (memorandum of law submitted by non-party ISPs).

"Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen." *In re: Adult Film Cases, supra,* at p. 23. Thus, Magistrate Judge Gary R. Brown rightly described these cases as "a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent." *Id.* at. p. 1. Although this "blizzard" of pornography infringement lawsuits involves perhaps hundreds of thousands of John Does nationwide, few, if any, John Does have ever been served.

Here, Malibu Media has filed 200+ mass copyright infringement cases nationwide so far this year, mostly involving the same group of pornographic titles. Assuming a conservative average of about 15 John Does per case that works out to over 3,000 John Does. **Movant challenges Malibu Media to state, under penalty of perjury, in its opposition papers, how many of the John Does have been served nationwide, to date.** Of these 200+ cases, 29 were already 120 days old as of June 18, 2012, so, if Malibu Media is not simply one more "copyright troll" abusing the judicial process, one would expect service on more than a token few individuals. Declaration of Morgan E. Pietz ¶ 8. Whether and how Malibu Media answers this question should weigh heavily in determining this motion.

## III.  THE ORDER GRANTING EARLY DISCOVERY SHOULD BE VACATED

**(a)     Standard for Early Discovery**

Generally, a court may authorize early discovery before the Rule 26(f) conference for "good cause." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* When considering good cause, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit

against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 36232 (D. Ariz. Mar. 19, 2012);  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).  These four factors bearing on whether there is good cause sufficient to grant early discovery are sometimes referred to as the "*Semitool* factors" or the "*Sony Music* factors."[6]

However, where, as here, a case implicates the First Amendment right to anonymous speech—and the law is clear that online file sharing is a form of anonymous speech that should be afforded limited First Amendment protection[7]—slightly higher scrutiny is required.  When the First Amendment is at issue, courts should also "ask whether the requested early discovery is 'very likely' to reveal the identities of the Doe defendants." *Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980).

Numerous courts have applied the *Gillespie* "very likely" standard in considering whether to grant early discovery in other mass copyright infringement cases just like this one, where pornographers sought to subpoena John Doe contact information from ISPs. *AF Holdings LLC v. Does 1-96*, N.D. Cal. No. 11-cv-3335-JSC, Dkt. No. 14, 9/27/11, p. 6 ("*AF Holdings*") (denying requested early discovery because it was not "very likely to enable Plaintiff to identify the doe defendants."); *Hard Drive Prods., supra,* at pp. 4–6

---

[6] The Ninth Circuit's *Semitool* factors largely track with the Second Circuit's *Sony Music* factors.
[7] *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (surveying case law and concluding "that the use of P2P file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection."); *Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455, Dkt. No. 40, 3/22/2011, p. 21 ("file-sharers are engaged in expressive activity, on some level, when they share files on BitTorrent, and their First Amendment rights must be considered before the Court allows the plaintiffs to override the putative defendants anonymity by compelling production of the defendants' identifying information."); *see also  In re: Anonymous Online Speakers*, 661 F.3d 1168, 1174–76 (9th Cir. 2011) (noting different Constitutional standards applied to different kinds of anonymous speech).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

1   (denying early discovery because "It is abundantly clear that plaintiff's requested discovery
2   is not 'very likely' to reveal the identities of the Doe defendants.")

3   Reconsideration is appropriate because the decision granting early discovery is non-
4   final, so Court has the authority to change its mind pursuant to Fed. R. Civ. Proc. 54(b).
5   Since early discovery was granted without interested parties being allowed to oppose the
6   application, the result of early discovery has been manifest injustice and a windfall to the
7   plaintiff, and since there are new facts and new authority suggesting that denial of early
8   discovery and severance is appropriate here, as in other cases. *Pacific Century Int'l, Ltd. v.*
9   *John Doe*, E.D. Cal. 11-cv-3479-KJM-JFM, Dkt. No. 26, 6/28/12 ("On review, the court
10  finds that reconsideration is warranted"); *see also Harmony Films Ltd. v. Does 1-739*, N.D.
11  Tex. Case No. CV-10-2412, Dkt. No. 7, 2/7/2011 (February 7, 2011, order vacating initial
12  order granting early discovery after further consideration).

13  **(b)      The Subpoenas are not "Very Likely" to Reveal the Identities of Defendants**
14  **Because Plaintiff's Theory of the Case Rests on a "Tenuous Assumption"**

15  Contrary to the incorrect assertion in plaintiff's unopposed papers seeking early
16  discovery, it is hardly "unanimous" that courts permit early discovery in cases like these.
17  *E.g.*, *Hard Drive Prods*, *supra* (March 30, 2012, order denying plaintiff's early discovery
18  request to subpoena ISPs); *AF Holdings, supra,* (September 27, 2011, order denying
19  plaintiff's early discovery request to subpoena ISPs); *Harmony Films Ltd. v. Does 1-739*,
20  N.D. Tex. Case No. CV-10-2412, Dkt. No. 7, 2/7/2011 (February 7, 2011, order vacating
21  initial order granting early discovery after further consideration).  Particularly given the
22  way plaintiff tries to get these early discovery requests granted *unopposed*, it ought to be
23  sanctioned for misleading the Court.

24  In *Hard Drive Prods*. and *AF Holdings*—two cases dealing with notorious copyright
25  trolls that are engaged in a "Joint Sharing Agreement" with Malibu Media—the Court held
26  that early discovery should be denied because it was not "'very likely' that discovery
27  would lead to identification of the Doe defendants." *Hard Drive Prods., supra*, at p. 6; *AF*
28  *Holdings, supra,* at p. 6 (noting that "under *Gillespie*, the question is whether the early

-8-

discovery Plaintiff seeks in this action would be 'very likely' to reveal the identities of Defendants," and holding that plaintiff failed this test)

The same result was also reached in the Eastern District of New York in an increasingly well-known case involving many of the most notorious copyright trolls, including Malibu Media.  *In re: Adult Film Cases*, *supra*, at p. 23 ("the Court is not inclined to grant the broad early discovery sought by Malibu and Patrick Collins.")

Other courts, after initially granting early discovery obtained through an unopposed motion, have subsequently reconsidered those decisions and vacated the early discovery order. *Harmony Films Ltd. v. Does 1-739*, N.D. Tex. Case No. CV-10-2412, Dkt. No. 7, 2/7/2011 (February 7, 2011, order vacating initial order granting early discovery after further consideration).  The Southern District of New York has also endorsed this approach,

As noted by Magistrate Gary R. Brown, who was assigned all of the adult film mass infringement cases in the Eastern District of New York, "***the assumption that a person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time***." *In re: Adult Film Cases*, *supra*, at p. 6 (emphasis added).  As Judge Brown further explained, this is due, in part, to the proliferation of home networks and wireless routers, a single IP address may support multiple Internet users.[8]  *Id.*  Thus, "it is no more likely that the subscriber to an IP address" who is the person who becomes the unfortunate target of the copyright troll's collection efforts, "carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an

---

[8] Carolyn Thompson writes in an MSNBC article of a raid by federal agents who kicked down the door of a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

individual who pays the phone bill made a specific telephone call." *Id.*   "Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, *the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper*." *Id.* at. p. 8.  Thus, Judge Brown also denied the broad early discovery requested by Malibu Media and others in that case.  *Id.* at. p. 23.  Accordingly, the early discovery order should be vacated.  *Id.; Hard Drive Prods., supra*, *AF Holdings, supra, Harmony Films Ltd., supra.*

**(c)      The Subpoenas are Not "Reasonably Likely" to Effectuate Service on Defendants Because Defendants Have No Intention of Ever Serving Any of the John Does with a Complaint**

Courts in both the Second and Ninth Circuits agree that in John Doe online infringement cases, it must be "reasonably likely" that the discovery requested will actually *effectuate service on a defendant. Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (surveying "cases evaluating subpoenas seeking identifying information from ISPs" and concluding that subpoena must be "sufficiently specific to establish a *reasonable likelihood* that the discovery request would lead to *identifying information that would make possible service upon particular defendants* who could be sued in federal court.") (emphasis added); *New Sensations, Inc. v. Does*, 2011 U.S. Dist. LEXIS 94909 (N.D. Cal. Aug. 24, 2011) ("In determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether:. . .(4) the plaintiff has demonstrated that there is a *reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible*.") (emphasis added) *citing Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

Here, "As discussed above, it is evident that *expedited discovery will not lead to identification of the Doe defendants or service of process*. Indeed, the fact that no defendant has ever been served in one of these mass copyright cases belies any effort by

-10-

1  plaintiff to allege that the discovery *will* lead to identification of and service on the Doe

2  defendants." *Hard Drive Prods.*, *supra*, at p. 11 (emphasis added).  In reality, here there is

3  **no chance**, any of the John Does will be served, much less a "reasonable likelihood" that

4  the subpoenas will lead to service on actual defendant's who infringed plaintiff's

5  copyright.  *See id.*

6  **(d)    The Complaint Cannot Withstand a Hypothetical Motion to Dismiss Because Joinder is Impermissible**

8          Although the Constitutional right is a limited one and not necessarily plainly

9  obvious, these cases do implicate the First Amendment privilege to anonymity, which

10  extends to online file sharing. *Sony Music, supra,* at 566 (surveying case law and

11  concluding "that the use of P2P file copying networks to download, distribute, or make

12  sound recordings available qualifies as speech entitled to First Amendment protection.");

13  *Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455, Dkt. No. 40,

14  3/22/11 at p. 21 ("file-sharers are engaged in expressive activity, on some level, when they

15  share files on BitTorrent,"); *see also In re: Anonymous Online Speakers*, 661 F.3d 1168,

16  1174–76 (9th Cir. 2011) (noting different Constitutional standards applied to different

17  kinds of anonymous speech).

18          Thus, as Judge Howell explained, John Does' "First Amendment rights must be

19  considered before the Court allows the plaintiffs to override the putative defendants

20  anonymity by compelling production of the defendants' identifying information." *Call of

21  the Wild Movie, LLC, supra*, at p. 21.  In performing this kind of analysis, "the lowest bar

22  that courts have used is the motion to dismiss or good faith standard. *See, e.g., Columbia

23  Ins. Co. v. Seescandy.Com, 185 F.R.D. 573 (N.D. Cal. 1999)*; *In re Subpoena Duces Tecum

24  to America Online, Inc.,* 52 Va. Cir. 26, 2000 WL 1210372 (Va. Cir. Ct. 2000) (reversed

25  on other grounds)." *In re: Anonymous Online Speakers*, *supra*, at p. 1075.

26          Accordingly, in evaluating these cases, courts must require that in order to obtain

27  discovery of a John Does' identity, **the plaintiff's complaint must be able to withstand a

28  hypothetical motion to dismiss.** *Hard Drive Prods., supra,* pp. 3, 8–10 (plaintiff must

-11-

1    show that its "suit against defendant could withstand a motion to dismiss."); *see also*

2    *Patrick Collins v. John Does 1-54,* 2012 U.S. Dist. LEXIS 36232, *8 (D. Ariz. Mar. 19,

3    2012).

4            Here, there is a glaringly obvious flaw with plaintiff's complaint such that it should

5    be dismissed: all of the John Does other than John Doe No. 1 are impermissibly joined.  As

6    explained in further detail in Section IV, joinder here is not proper. Accordingly, the Court

7    should follow the lead of Magistrate Judge Brown, who held that early discovery should be

8    denied because "While the plaintiff has alleged that it owns a valid copyright and that

9    defendants copied the copyrighted work, the court concludes that the complaint could and

10   should be dismissed for misjoinder as to all but a single Doe defendant."  *In re: Adult Film*

11   *Cases., supra,* at p. 18; *citing Diabolic Video Prods. v. Does 1-2099*, 2011 U.S. Dist.

12   LEXIS 58351, *9 (N.D. Cal. May 31, 2011).

13   **(e)    Plaintiff's "Abusive Litigation Tactics" Also Support Vacating the Early**

14          **Discovery Order "On the Basis of Fundamental Fairness"**

15          As noted above, Magistrate Judge Brown of the Eastern District of New York has

16   explained that perhaps,

17                  "the most persuasive argument against permitting plaintiffs to

18                  proceed with early discovery arises from the clear indicia, both

19                  in this case and in related matters, that plaintiffs have employed

20                  abusive litigations tactics to extract settlements from John Doe

21                  defendants.  Indeed, this may be the principal purpose of these

22                  actions, and these tactics distinguish these plaintiffs from other

23                  copyright holders with whom they repeatedly compare

24                  themselves. *See, e.g., K-Beech*, Pl. Mem. in Opp. at 3, DE

25                  (arguing that this decision "will affect the rights of intellectual

26                  property holders across all segments of society"). While not

27                  formally one of the *Sony Music* factors, these facts could be

28                  viewed as a heightened basis for protecting the privacy of the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

putative defendants, or simply grounds to deny the requested

discovery on the basis of fundamental fairness." *In re: Adult*

*Film Cases, supra,* at p. 16.

**The plaintiff here is actually one of the three plaintiffs Judge Brown was**
**specifically describing**: Malibu Media, K-Beech, and Patrick Collins. *Id.* at p. 17 ("I find
counsel for K-Beech has already engaged in improper litigation tactics in this matter, and
find it highly probable that Patrick Collins Inc. and Malibu will likely engage in similar
tactics if permitted to proceed with these mass litigations.")

One of the main tactics that Judge Brown found so "improper" was the use of
"settlement negotiators" whom, notwithstanding a John Doe's protestations of innocence,
"offer to settle with Doe defendants so that they can avoid digging themselves out of the
morass plaintiff is creating." *Id.* at. pp. 8–9, 17, *citing  On The Cheap, LLC v. Does 1-
5011*, -- F.R.D. --, 2011 WL 4018258, at *4 (N.D. Cal. Sept. 6, 2011).  As one court
explained of K-Beech, "Some defendants have indicated that the plaintiff has contacted
them directly with harassing telephone calls, demanding $2,900 in compensation to end the
litigation." *K-Beech, Inc. v. Does 1-85*, 2011 U.S. Dist. LEXIS 124581, at *6 (E.D. Va.
Oct. 5, 2011).

**Seven of the most notorious copyright trolls, including the plaintiff here, all**
**employ the same third party company, based in Miami, to provide these harassing,**
**"settlement negotiator" services**, pursuant to a "Joint Sharing Agreement."  Declaration of
Morgan E. Pietz ¶¶ 18–23.  Specifically, "Zero Tolerance, Third Degree, Patrick Collins,
K-Beech, Malibu Media, Raw Films, and Nu-Corp," all pool their resources to extract
settlements as efficiently as possible.  *See id.* ¶ 22.

The plaintiff will no doubt protest that there is nothing wrong with seeking to settle
civil actions.  However, as Judge Brown correctly explains,

"It would be unrealistic to ignore the nature of plaintiffs' allegations –
to wit: the theft of pornographic films – which distinguish these cases from
garden variety copyright actions. Concern with being publicly charged with

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION
THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL
JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4)
ENTER A PROTECTIVE ORDER**

downloading pornographic films is, understandably, a common theme among the moving defendants. As one woman noted in *K-Beech*, "having my name or identifying or personal information further associated with the work is ***embarrassing, damaging to my reputation in the community at large and in my religious community***." Mtn. to Quash, ¶5, DE [7]. Many courts evaluating similar cases have shared this concern. *See ,e.g., Pacific Century Int'l, Ltd. v. Does 1-37,* – F. Supp. 2d –, 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012) ("the ***subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle***"); *Digital Sin,* 2012 WL 263491, at *3 ("This concern, and its potential impact on social and economic relationships, could ***compel a defendant entirely innocent of the alleged conduct to enter an extortionate settlement***") *SBO Pictures,* 2011 WL 6002620, at *3 (defendants "whether guilty of copyright infringement or not- would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates ***great potential for a coercive and unjust 'settlement'***" ). . . .

The Federal Rules direct the Court to deny discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c)(1). ***This situation cries out for such relief.***" *Id.* at. pp. 17–18.

Moreover, here, in addition to (i) the use of the infamous Miami-based "settlement negotiator" company, there is ample evidence of other "abusive litigation tactics" employed by the plaintiff: (ii) materially misrepresenting the range of potential damages; (iii) using subpoena information to collect on claims that go beyond the complaint; (iv) purposefully violating courts' notice of related case rules to try and fly under the radar; (v) seeking John Doe phone numbers and email addresses despite a court order telling plaintiff not to do so.  Declaration of Morgan E. Pietz ¶¶ 15-31

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

Federal Rule of Civil Procedure requires that disputes be resolve in a manner that is "just" as well as speedy an inexpensive.  Fed R. Civ. Proc. 1.  Further, as noted by Judge Brown, this situation "cries out" for relief to protect the John Does from "annoyance, embarrassment, oppression or undue burden."  Fed. R. Civ. Proc. 26(c)(1).  In light of plaintiff's abusive litigation tactics, the Court should refuse to lend its imprimatur to  what is essentially a quasi-extortionate settlement business that leverages the stigma of pornography to "shake down" the John Does for easy money.

* * *

In sum, *the order granting early discovery should be vacated for at least four different reasons*: (i) the subpoenas are not "very likely" to reveal the identities of the defendants, *Gillespie,* 629 F.2d at 642–43, *Hard Drive Prods,* supra, at pp. 5–6;  (ii) it is not "reasonably likely" that the subpoenas will effectuate service on the defendants; in fact, there is almost zero chance anyone will ever be served in this case, *Sony Music,* 326 F. Supp. 2d at 566, *Semitool, Inc.*, 208 F.R.D. at 276, *Hard Drive Prods.*, *supra*, at p. 11;  (iii) the complaint cannot withstand a hypothetical motion to dismiss because all Does other than Doe No. 1 are improperly joined, *In re: Adult Film Cases., supra,* at p. 18; and (iv) plaintiff, and companies with which it is linked, have in the past engaged in "abusive litigation tactics" and are likely to keep doing so here, *Id.* at pp. 8–11, 16–18.  Accordingly the Court should grant this motion and vacate the order allowing early discovery.

## IV.  JOINDER IS NOT PERMISSIBLE AND, EVEN IF IT WERE, THE COURT SHOULD STILL EXERCISE ITS DISCRETION AND SEVER THE DOES

**(a)     Standard for Joinder**

Federal Rule 20(a)(2) provides that defendants "may be joined" if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. Proc. 20(a)(2).

"However, ***even if the test is satisfied, district courts have the discretion to refuse joinder*** in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-522 (5th Cir. 2010) (internal citations omitted); *accord* 4-20 Moore's Federal Practice - Civil § 20.02.

**(b)   Defendants Merely "Committed Same Type of Violation in the Same Way," Which is Not Enough to Satisfy Transactional Relatedness Test**

Judge McMahon of the Southern District of New York recently addressed joinder in a case quite similar to this one, as follows,

"There is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong. Rather, I adopt and expressly incorporate into this memorandum order the reasoning of Judge Gibney in *K-Becch* [*Inc. v. John Does 1-85,* No. 3:11-cv468, 2011 U.S. Dist. LEXIS 124581, at *2-3 (E.D. [Va.] Oct. 5, 2011)][9]; Magistrate Judge Spero of the Northern District of California in *Hard Drive Productions, Inc. v. Does 1-188*, No. C-11-01566, 860 F. Supp. 2d 1150 (N.D. Cal. August 23, 2011)[10]; several other courts in the Northern District of California, including *Diabolic Video Productions, Inc. v. Does 1-2099*, 10 Civ. 5865, 2011 U.S. Dist. LEXIS 58351, at * 10-11 (N.D. Cal. May 31, 2011); and most especially the comprehensive Report and Recommendation of the Hon. Gary R. Brown, U.S.M.J., that was filed [on May 1, 2012] in our sister court, the Eastern District of New York, in *In re: BitTorrent Adult Film Copyright Infringement Cases*, No. 11-cv-3995, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012).[11]

---

[9] (finding "the mere allegation that defendants used [BitTorrent] to copy and reproduce the Work … on different days and times, over a three month period" insufficient to support joinder);
[10] (collecting cases)
[11] *See also Boy Racer Inc. v. Does 1-60*, 11-cv-01738-SI, 2011, 2011 U.S. Dist. LEXIS 92994, at *4 (N.D. Cal. Aug. 19, 2011) (finding misjoinder because "Plaintiff [did] not plead facts showing

All of the courts on which this Court relies, and whose reasoning I find persuasive, have concluded that where, as here, the plaintiff does no more than assert defendants 'merely commit[ed] the same type of violation in the same way,' it does not satisfy the test for permissive joinder pursuant to Rule 20. . . .what we have here is 245 separate and discrete transactions in which 245 individuals used the same method to access a file via the Internet—no concerted action whatever, and no series of related occurrences—at least, not related in any way except the method that was allegedly used to violate the law." *Digital Sins, Inc.*, *supra*, at p. 2–3.

In short, across the country, there is a "stiffening judicial headwind" that is severing John Does from pornography lawsuits such as this one like leaves on fall day.  *See Pacific Century Int'l., Ltd. v. John Does 1-37*, N.D. Ill. Case No. 12-cv-1057, Dkt. No.. 23, p. 7, 3/30/2012.  Further, plaintiff's strategy of never/seldom naming or serving any defendants effectively precludes consideration of joinder at a later stage of this case.  Deferring a ruling on joinder, "encourages Plaintiff[] … to join (or misjoin) as many doe defendants as possible. . .Postponing the issue of joinder to a day that in all likelihood will never come only serves to aid Plaintiffs' attempt to avoid filing fees. While Plaintiffs are certainly entitled to vindicate their rights, they must play by the Federal Rules in doing so."  See, *Arista Records, LLC v. Does 1-11*, 2008 U.S. Dist. LEXIS 90183, at *16,17 (N.D. Ohio 2008) (citation omitted).

As to those John Does who are severed, the case against them should be dismissed *without* prejudice, with plaintiffs given 30-days to refile a new, individual complaint and

---

that any particular defendant illegally shared plaintiff's work with any other particular defendant"); *AF Holdings LLC v. Does 1-97*, 2011 U.S. Dist. LEXIS 78636, *4 (N.D. Cal. July 20, 2011) (holding that even though BitTorrent protocols differ from previous peer-to-peer platforms, joinder is improper); *Raw Films, Ltd. v. Does 1-32*, 2011 U.S. Dist. LEXIS 114996, *2-7 (E.D. Va. Oct. 5, 2011); *Patrick Collins, Inc. v. Does 1-58*, U.S. Dist. LEXIS 120235, *2-7 (E.D. Va. Oct. 5, 2011); *Hard Drive Productions, Inc. v. Does 1-30*, 2011 U.S. Dist. LEXIS 119333, *6-10 (E.D. Va. Oct. 17, 2011).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

pay the related filing fee.  *See In re: Adult Film Cases*, *supra*, p. 23–25; *Digital Sins, Inc.*, *supra*, at p. 2–3.

**(c)    John Does Accessing the Same File Days, Weeks or Months Apart Are Not Part of the Same Transaction or Occurrence**

The plaintiffs' bar for the John Doe pornography "shake down" industry generally rally behind one leading case: *Call of the Wild Movie, LLC* v. Does 1-1,062, D.D.C. Case No. 10-cv-0455-BAH, Dkt. No. 40, 3/22/11.  In that decision, Judge Howell, who is perhaps one of the most knowledgeable members of the federal judiciary on online file sharing lawsuits thanks to Her Honor's prior career as a consultant involved with the RIAA,  essentially gave mass infringement lawsuits the green light.  The *Call of the Wild* Court held that the claims against the Doe defendants were "logically related" because "Each putative defendant is a ***possible*** source for the plaintiffs' motion pictures, and may be responsible for distributing the motion pictures to the other putative defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material."  *Id.* at p. 10.

While it is ***possible*** that the John Does here may have shared the same file with one another, it may not be ***probable****,* and whether the latter is required or the former will suffice is an open question, since it does not appear any Court of Appeals has ever addressed the issue directly.[12]  However, as these lawsuits proliferate around the country, increasingly, courts are requiring mass infringement plaintiffs to "offer evidence justifying joinder of the Doe Defendants."  *E.g. Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 5.  Particularly where, as here, the alleged infringements are spread out over a period of time, courts have held that joinder of multiple Does is inappropriate.  *E.g., Raw Films, Inc. v. Does-1-32*, 2011 WL 6840590, at *2 (N.D.

---

[12] In a recent case, Bright House Networks, LLC;  Cox Communications, Inc., Verizon Online, LLC, SBC Internet Services, Inc., and Comcast Cable Communications, LLC, have all intervened and asked Judge Howell to quash subpoenas or else certify the issue for appeal. *AF Holdings LLC v. Does 1-1,058*, 12-cv-0048-BAH, Dkt. No. 8-1, 3/02/12 p. 11 (memorandum of law submitted by non-party ISPs).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

Ga. Dec. 29, 2011).  As the ISPs have argued to Judge Howell, "Even assuming, *arguendo*, that the 'same series of transactions' included automatic file-sharing among users who are unaware of each other, *it does not necessarily follow that users who may have shared excerpts of the same film days, weeks, or even months apart are part of that "same series*." *AF Holdings LLC v. Does 1-1,058*, 12-cv-0048-BAH, Dkt. No. 8-1, 3/02/12 p. 11 (memorandum of law submitted by non-party ISPs).  Thus, many courts have held, like Judge Wright, that

> "The loose proximity of alleged infringements (March 5, 2012-April 12, 2012) does not show that these Defendants participated in the same swarm.  As discussed above, a downloader may log off at any time, including before receiving all the pieces of the copyrighted work. Without evidence that these Does acted in concert, joinder is improper—the Doe Defendants should be severed and dismissed under Federal Rule of Civil Procedure 21." *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, pp. 5–6; *see, e.g., fn 11, supra*.

Any Court adopting the *Call of the Wild* approach, rather than the approach apparently preferred in California, New York, and Texas, is likely to become a destination forum for this kind of lawsuit.

**(d)   Even if Joinder Were Permissible, The Court Should Still Exercise its Discretion and Sever the Does in Light of This Plaintiff's Abusive Litigation Tactics and the Burden on the Courts, the ISPs and the Does**

As noted above, these cases are fundamentally different than the ones filed by the RIAA and other mainstream copyright holders a few years ago.  For that reason, the Court should exercise its discretion and sever the Does, even if it finds joinder permissible. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-522 (5th Cir. 2010) (internal citations omitted).

-19-

One of the reasons the *Call of the Wild* Court found that permitting joinder of multiple Does would not prejudice the parties was that the plaintiffs there were "currently obtaining identifying information from ISPs so that they can properly name and serve the defendants." ***Simply put, based on its past track record of "abusive litigation tactics," the same cannot be said for the plaintiff in this case***.  The plaintiff here is obtaining names for the *sole* purpose of "shaking down" the John Does, which this Court should not countenance.  If the plaintiff cannot provide some evidence to rebut the allegation that it has never served anybody in the past and that it is not likely to do so here, the Court should seize on that fact to exercise its discretion and sever the Does.

Another reason the *Call of the Wild* Court found that permitting joinder of multiple Does would not prejudice the parties was that "the putative defendants are not prejudiced but likely benefited by joinder."  In light of the way pornographers have picked up where the RIAA left off, and leveraged the social stigma of pornography to obtain easy settlements on a "scale rarely seen," it seems doubtful that Does are, on balance, actually being convenienced by mass joinder.  *See In re: Adult Film Cases*, *supra*, at p. 23.  In any event, most districts have a local rule providing for assignment of related cases to the same Judge; as long as plaintiffs follow these rules, the Courts and the Does achieve all the convenient aspects of joinder without any of the drawbacks.  Another advantage of doing it this way is that in the unlikely event any of the John Does are ever served, once the case gets past service, the different facts and legal issues applicable to each of the Does can be considered separately.

Aside from the fact that this plaintiff is never going to serve anybody, and that the related case rule achieves the convenient aspects of joinder without the drawbacks, there is one more excellent reason for the Court to exercise its discretion and sever the Does: filing fees.  If Courts refuse to consider severance prior to service, and allow plaintiffs like the one here to keep filing hundreds of lawsuits (mis-)joining multiple John Does, the Courts are essentially losing out on millions of dollars in filing fees. The *In re: Adult Film Cases* court recently noted that it appeared that just in that district, three plaintiffs had avoided

paying over $100,000 in filing fees.   "If the reported estimates that hundreds of thousands of [John Doe] defendants [in mass infringement cases] have been sued nationwide, plaintiffs in similar actions may be evading millions of dollars in filing fees annually. Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen.  It seems improper that they should profit without paying statutorily required fees."  *In re: Adult Film Cases, supra*, p. 23.

If suing individual John Does one at a time is not cost effective for copyright holders, that is an issue copyright holders should see to resolve with the legislature. Plaintiffs trying to work around the problem by instigating a "blizzard" of mass infringement lawsuits joining multiple Does, that tax an already over-burdened federal judiciary, without even paying proper filing fees, is not a solution the Courts should support.

* * *

In sum, joinder is not permissible and the Does should be severed, because plaintiffs have not provided sufficient evidence that Does downloading the same file at different times are involved in the same transaction.  Even if joinder were permissible, the Court should exercise its discretion, due to the circumstances of this case, sever the John Does.

## V.  ANY OUTSTANDING SUBPOENAS SEEKING TO IDENTIFY JOHN DOES OTHER THAN JOHN DOE NO. 1 SHOULD BE QUASHED

Substantively speaking, arguments that the subpoena should be quashed and arguments that the early discovery order should be vacated, amount to two different sides of the same coin.  In other words, for all the same reasons the early discovery order should be vacated (Section III, *supra*), so too should the subpoenas now be quashed as to those Does other than Doe No. 1.

However, it is worth noting that if Courts continue to grant plaintiffs' misleading, unopposed early discovery motions, and then wait to quash the subpoenas until John Does and their lawyers appear to file motions to quash, plaintiffs will keep filing these abusive lawsuits.  The only way to stop this plague is if Courts begin to routinely deny motions for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION
THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL
JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4)
ENTER A PROTECTIVE ORDER

early discovery where plaintiffs seek to misjoin multiple John Does.  While Courts are increasingly endorsing "the sensible protocol adopted by Judge Brown in *In re:* []*Adult Film* [*Cases*]," (*e.g.*, *Digital Sins, Inc.*, *supra*, at p. 7; *see also Pacific Century Int'l., Ltd. v. John Does 1-37*, N.D. Ill. Case No. 12-cv-1057, Dkt. No.. 23, p. 7, 3/30/2012 (surveying recent orders and noting a "stiffening judicial headwind" with respect to mass copyright infringement cases), vacating orders granting early discovery will help speed this process along.

One thing keeping these cases going is that during the time it takes Courts to figure out what these plaintiffs are up to, the plaintiffs turn a tidy profit.  One need only review the docket in any of the cases where early discovery was granted and scan for "Joint/Voluntary Notices of Dismissal" to prove the point.  In light of this reality, it is no surprise that plaintiffs in these cases frequently fail to comply with things like the Notice of Related Cases rule.  Trying to fly under the radar in a district, and not put all of a plaintiff's valuable subpoena eggs in one basket, by not filing a notice of related cases (where required) is just one more abusive tactic that is part of a nationwide campaign.  *See, e.g., Malibu Media v. John Does 1-10,* C.D. Cal. Case No. 12-cv-3614, Dkt. No. 10, 6/29/12 (motion seeking sanctions for Malibu Media's repeated violations of notice of related cases rule); *Digital Sins, Inc.*, *supra*, at p. 8 (order reminding plaintiff's counsel to comply with notice of related cases rule, in light of the fact that three different judge in district were all considering exact same copyright).

Since, per Section IV, above, all John Does other than John Doe No. 1 should be severed, and their cases dismissed, any outstanding subpoenas as to John Does other than John Doe No. 1 should be quashed.  *See Digital Sins, Inc.*, *supra*, at p. 7 ("Because I have severed and dismissed all of the claims against the defendants, I hereby, *sua sponte*, quash any subpoena that may be outstanding to any Internet service provider seeking information about the identity of any John Doe other than John Doe 1.  Plaintiff is directed to send a copy of this order within 24 hours of its issuance to any and every internet service provider

who has been served with a subpoena for any information concerning any other John Doe defendant.")

## VI.  PROTECTIVE ORDER SHOULD BE ENTERED

The Federal Rules of Civil Procedure "direct the Court to deny discovery 'to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.'  Fed. R. Civ. Proc. 26(c)(1).  ***This situation cries out for such relief***."  *In re: Adult Film Cases*, *supra*, Exhibit B at p. 18.

As one judge observed in another of these cases, "Plaintiff's counsel estimated that 30% of the names turned over to the ISP's are not those of the individuals who actually downloaded or shared copyrighted material."  *Digital Sin, Inc. v. Does 1-176,* -- F.R.D. --, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012).  Since the likelihood that innocent people are being sucked into the "the morass plaintiff is creating," is so high, the Court should employ some stringent safeguards in the form of a protective order that does the following:

First, since service is unlikely to begin with, even on John Doe No. 1, the Court should order that any subscriber whose information is turned over to by an ISP should be maintained under seal and not publicly disclosed by plaintiff until such time as service of the complaint is perfected on that John Doe.  If the Court denies the rest of this motion, it ought to do this at a minimum, and if it grants it, it ought to do this for John Doe. No. 1.

Second, assuming the Court does grant this motion, sever all John Does other than John Doe No. 1, and dismiss the complaint against the rest of the Does without prejudice, the plaintiff should be forbidden form using or disclosing any information it has already obtained for John Does other than John Doe No. 1. *First Time Videos, LLC v. Does 1-46,* S.D. Tex. Case No. 11-cv-4431, Docket No. 21, 6/8/12 (plaintiff First Time Videos, LLC "may not use the information it has received; it must destroy it.")

Third, the plaintiff and its counsel should be ordered ***not*** to request subscriber email addresses or telephone numbers in any future early discovery requests they make in this District. *In re: Adult Film Cases*, *supra*, at p. 24 ("Under no circumstances are plaintiffs

permitted to seek or obtain the telephone numbers or email addresses of these individuals, or to seek or obtain information about any potential John Doe defendant other than John Doe 1.")

Fourth, the plaintiff and its counsel should be ordered to comply with the procedure established in this case, and strictly comply with any applicable notice of related case rule, and only file any future cases against individual John Does who are reasonably alleged to reside in this District. *Id.* at p. 25.

## VII.  MOVANT AND OTHER JOHN DOES HAVE STANDING

Invariably, the final refuge of a pornographer who sues (but never serves) hundreds or thousands of John Does is the argument that the John Does do not have standing to do anything about this "shake down" scheme.  However, a party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005).  Further, in light of the First Amendment privilege for anonymous speech outlined above, there is standing to try and protect the anonymity of the Does on that account as well.  Finally, plaintiff should be judicially estopped from arguing that the John Does do not have standing or that they are not defendants, because the plaintiffs complaint alleges that the John Does are defendants.  In short, the plaintiff dragged the Does into this "morass," so they should not now complain when the Does seek to protect themselves.

In BitTorrent mass infringement cases, courts routinely hold that John Does have standing to challenge the subpoenas and protect their right to anonymity.  *See, e.g. Hard Drive Productions, Inc. v. Does 1-188* No. C-11-01566 2011 WL 5573960 (N.D. Cal. 2011) (order granting Doe's motion to quash); *Boy Racer, Inc. v. Does 1-60*,  No. C-11-01378 (N.D. Cal. August 19, 2011.) (Dkt. 24) (order granting Doe defendant's motion to quash and dismissing case without prejudice); *Ingenuity13*, 2:11-mc-00084-JAM-DAD (Doc 24) (granting two pending subscriber motions to quash); *NuImage, Inc., v. Does 1-3932* No. 2:11-cv-00545 (M.D. Fla. May 23, 2012) (Doc. 244) (order granting Doe's

-24-

Motion to Quash or, in the alternative, to Sever and Dismiss); *In re: Adult Film Cases*, *supra*, p. 13.

## VIII.  CONCLUSION

Judge McMahon of the Southern District of New York, who can be counted among the many other Judges to recently endorse the "sensible protocol adopted by Magistrate Judge Brown,"[13] summed up these cases pretty well in her recent opinion.  "I am second to none in my dismay at the theft of copyrighted material that occurs every day on the Internet.  However, there is a right way to litigate and a wrong way to litigate, and so far this way strikes me as the wrong way." *Digital Sins, Inc.*, *supra*, at p. 8.

For the foregoing reasons, the Movant respectfully requests that the Court: (1) Reconsider and vacate its order granting early discovery; (2) Sever all of the John Does other than John Doe No. 1, and dismiss the case without prejudice, with 30-days to refile, for all John Does other than John Doe No. 2; (3) Quash all outstanding subpoenas for all John Does other than John Doe No. 1; (4) Enter a protective order that (i) requires that the identity and contact information of each of the John Does be kept confidential and maintained under seal until such time as the complaint is properly served on that John Doe; (ii) forbids the Plaintiff from using or disclosing any information it has obtained thus far for any defendants other than John Doe No. 1; (iii) directing the plaintiff and its counsel to *not* request subscriber telephone numbers and email addresses in any future early discovery requests they make in this District; and (iv) directing Plaintiff and its counsel to comply with this procedure detailed in this order in all future cases filed in this District.

---

[13] This motion essentially asks this Court to also follow that protocol, which Judge Brown outlined in *In re: Adult Film Cases, supra.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**

Respectfully submitted, July 9, 2012,

| | |
|---|---|
| _/s/ Morgan E. Pietz_____ | |
| Morgan E. Pietz (Cal. Bar No. 260629)<br>THE PIETZ LAW FIRM<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone:   (310) 424-5557<br>Facsimile:    (310) 546-5301 | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to the parties.

_/s/ Morgan E. Pietz_

Morgan E. Pietz

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**