

**Morgan Pietz <morganpietz@gmail.com>**

## M&C re: Repeated Violations of L.R. 83-1.3.1 re: Notice of Related Cases
5 messages

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                           Thu, Jun 21, 2012 at 9:06 AM
To: Leemore Kushner <lkushner@kushnerlawgroup.com>

Leemore,

As you know from our correspondence of this week and last, I represent a John Doe who has been sued by
Malibu Media in Cal. C.D. Case No. 12-3614.

I have also been retained by a John Doe who has been sued by Malibu Media in Cal. C.D. Case No. 12-3615.

I was surprised to notice, when I pulled up the docket for the second case, that they were both assigned to
different judges.  Further research on PACER of some of the other cases filed by your client in this district
indicated that it appears *Notices of Related Cases were not filed in any of the 28 copyright infringement
lawsuits Malibu Media has filed so far this year in the Central District of California.*

For your reference, here is the text of the relevant local rule:

> **L.R. 83-1.3 Notice of Related Cases**
> L.R. 83-1.3.1 Notice.1 At the time a civil action (including a
> notice of removal or bankruptcy appeal) is filed, or as soon as known thereafter,
> the attorney shall file and serve on all parties who have appeared a Notice of
> Related Case(s), stating whether any action previously filed or currently pending
> in the Central District and the action being filed appear:
> (a) To arise from the same or a closely related
> transaction, happening or event; or
> (b) To call for determination of the same or
> substantially related or similar questions of law and fact; or
> (c) For other reasons would entail substantial
> duplication of labor if heard by different judges; or
> (d) To involve the same patent, trademark or
> copyright, and one of the factors identified above in a, b or c is present.
> The Notice of Related Case(s) shall also include a brief factual
> statement setting forth the basis for the attorney's belief that the action qualifies
> for related case transfer.
> The Notice of Related Case also shall be served concurrently with
> service of the complaint.

Based on my cursory review of some of the papers in a few of cases you have filed so far, it seems pretty
clear that these cases qualify as related, for the purpose of the rule, above.  Notably, all of the cases appear
to involve the same general group of copyrighted works--i.e., your client's pornographic movies.

I hope that this mistake was inadvertent.  Out of respect for the Central District's limited resources, I would
like to see this corrected as soon as possible.

Accordingly, please confirm whether, *by the close of business tomorrow*, you will be filing notices of related cases in *all 28* copyright infringement cases brought by Malibu Media currently pending in the Central District of California.

This is an attempt to meet and confer on this issue in good faith. If you believe I am mistaken, and do not plan to comply with the demand above, please let me know why. Please be advised, however, that *if you do not remedy this problem, I will be seeking sanctions*.

Best regards,
Morgan

--

Morgan E. Pietz
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Ph: (310) 424-5557
Fx: (310) 546-5301
www.pietzlawfirm.com

---

**Leemore Kushner** <lkushner@kushnerlawgroup.com>                    Fri, Jun 22, 2012 at 3:56 PM
To: "Morgan E. Pietz" <mpietz@pietzlawfirm.com>

Morgan -

Your research is largely incorrect. Indeed, there are several cases filed by Malibu Media in the Central District that were filed as related cases per the Civil Cover Sheets filed in each individual case. Whether or not a case is related depends on whether the same unique hash value is at issue in the suit. Notwithstanding our attempt to relate certain cases, however, there are some judges in the Central District who disagree that the cases are related. Just this morning, Judge Anderson declined to transfer a case that is before him to another court, stating in his order that the cases are unrelated.

That said, it appears that we inadvertently did not relate the two cases you specifically mention below: Case Nos. 12-3614 and 12-3615, both of which relate to the same hash value, and I will therefore file a Notice of Related Case in those two cases.

I recommend that we schedule a time to discuss this issue next week, so that you can explain to me why you think that all of these cases should be related. The fact that the same copyrights are at issue is not enough to deem them related. See L.R. 83-1.3.1(d). I am available on Monday or Tuesday between 10-12.

Leemore
[Quoted text hidden]
--
****************************************************

Leemore Kushner
Kushner Law Group
801 N. Citrus Avenue
Los Angeles, California 90038

Gmail - M&hellip;&hellip;&hellip; Repeated violations of L.R. 83-1.3.1. Doc. Notice.

Case 2:12-cv-03614-RGK-SS Document 14-5 Filed 07/09/12 Page 3 of 4 Page ID #:257

https://mail.google.com/mail/?ui=2&ik=8e237dc66&view=p...

Phone: 323-515-7894
Fax: 323-544-8170
Email: lkushner@kushnerlawgroup.com

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                    Fri, Jun 22, 2012 at 5:13 PM
To: Leemore Kushner <lkushner@kushnerlawgroup.com>

Actually, Leemore, I checked quite a few of your cases (more than 6, I estimate; one from February, a few from April, and a few from May), and did not find a notice of related cases filed in any of them.   A batting average of 0.000, based on a random sampling, leaves me dubious.

Of the 28 cases in the Cal. C.D., in which have you filed notices of related cases *as of today*?

Have you done so in a single case?

Checking the box on the civil cover sheet does not comply with the local rule, and, I believe, would not result in the later case being assigned to the low-numbered judge.

You should have noticed all of these cases as related at the time you filed them, per 83-1.3.1 (c) and (d).  For the purpose of relating cases, the relevant question is which cases involve the same copyrights, not which ones involve the same hash tag.  With respect to copyrights, the answer appears to be that, essentially, all 28 cases involve the same group of copyrights, give or take a few movies in each case.  That having all of your cases in front of the same judge would promote judicial economy (i.e., sub., c of the Local Rule) is so obvious that it hardly merits analysis.

Also, to an extent, you appear to be contradicting yourself in the email below.  The first part of the email says you do not believe you are required to notice all of your cases as related, if they do not involve the same hash tag.  Then, in the second part of the email, you say that the failure to do so in my two cases was "inadvertent."  Which is it?  How many other "inadvertent" failures (beyond the two I have uncovered so far) have there been with respect to complying with the related case rule?  My guess is a lot, if not every case.

I am going to go ahead and call a spade a spade: it appears that you are violating the notice of related case rule on purpose in an attempt to both fly under the radar and hedge your bets.

By "inadvertently" neglecting to file a notice of related cases, you ensure that no one judge realizes, prior to granting your unopposed motions for early discovery (which is the key to these cases), that you have drawn hundreds of people in this district into your collections web.  A judge with 28 related cases, considering a motion for early discovery affecting the rights of hundreds of unrepresented parties is more likely to appoint a guardian ad litem to represent the Does' interests, no?  We both know how that has worked out in the past.

Further, by spreading your cases out across multiple courts, and not filing too many at one time, you can hedge against the probability (really, substantial likelihood) that eventually the Court is going to realize exactly what you are up to and refuse to lend its imprimatur to your settlement business.  So, thanks to your "inadvertent" failure to properly relate the cases, if and when the orders quashing subpoenas and severing Does come, they will come in rolling fashion, at different times, rather than having all of your subpoena eggs in the same basket.

Since you did me the courtesy of writing back timely, I will give you until Monday, close of business.  However, simply relating the few cases I am involved with is not going to cut it.  Anything less than filing notices of related cases *in and for all 28 cases* in this District, by close of business Monday, and I reserve the right to file a sanctions motion without further notice to you.  The duty under LR 83-1.3.1 is an ongoing duty. I do not

Gmail - M&ese. Repeated Violations of CaR.SS 1..D.oc.Note:1. 14-5 Filed 07/09/12, Page 4 of 4 i=2&ge837dce6&view=p...

Case 2:12-cv-03614-RGK-SS Document 14-5 Filed 07/09/12 Page 4 of 4 Page ID #:258

think there is a need to discuss the issue further, because my position is not going to change.

Have a nice weekend.

Best regards,
Morgan
[Quoted text hidden]

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                    Mon, Jun 25, 2012 at 5:23 PM
To: Leemore Kushner <lkushner@kushnerlawgroup.com>

Leemore,

Having seen no Notice of Related Cases come across the docket, I am going to go ahead and file a sanctions motion. This blatant abuse of the Court's resources should not go on even one day longer.

Further, your repeated failure to file notices of related cases at the time of filing the complaint is sanctionable, even if you were to correct this error now (which you have refused to do), because I do not believe this was an accident. Rather, I believe Malibu Media should be punished for purposefully making an end run around the Court's related case rule, in an effort to fly under the radar, and hedge its bets.

Best regards,
Morgan
[Quoted text hidden]

---

**Morgan E. Pietz** <mpietz@pietzlawfirm.com>                    Mon, Jun 25, 2012 at 5:39 PM
To: Leemore Kushner <lkushner@kushnerlawgroup.com>

Leemore,

Glad we could connect by phone. However, it sounds like we will have to agree to disagree. I'll send you a copy of the motion in word if you'd like, so you can use that for your opposition.

Best regards,
Morgan
[Quoted text hidden]